4 F.3d 988
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clinton Edward VINCENT, Jr., Administrator, Estate of Myra
Lisa Vincent Knick, Plaintiff-Appellant,
v.
CITY OF LEXINGTON, a Virginia Municipal Corporation; Bruce
Beard, City of Lexington Police Chief,
Defendants-Appellees.
 No. 92-2129.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 10, 1993.
Decided: September 1, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Jackson L. Kiser, District Judge. (CA-91-48-L)
 Thomas J. Foltz, Alexandria, Virginia; Franklin M. Slayton, South Boston, Virginia, for Appellant.
 William Fain Rutherford, Jr., Woods, Rogers & Hazlegrove, Roanoke, Virginia, for Appellees.
 Randy V. Cargill, Woods, Rogers & Hazlegrove, Roanoke, Virginia, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and HAMILTON and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Clinton Vincent, the Administrator of the Estate of Lisa Vincent Knick, filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 (1988) against the City of Lexington and the Chief of the Lexington Police Department (referred to herein collectively as "the City"). The complaint alleged that the City was liable for Lisa Knick's wrongful death because Jerry Knick, Lisa Knick's husband and an officer of the Lexington Police Department, was acting under color of state law when he shot and killed his wife. The district court granted summary judgment for the City, and we affirm.
 
 
 2
 * This is a tragic case. Jerry Knick was hired as a policeman for the City of Lexington, Virginia in 1982. Four years later he married Lisa Vincent. For our purposes, it is enough to note that the marriage was not a happy one.
 
 
 3
 On September 29, 1990, a distraught Lisa Knick called Sergeant Miller of the Lexington Police Department and asked him to come to her home. Miller, who was a friend of both Jerry and Lisa Knick, was not on duty at the time and agreed to come to the Knick home. Lisa Knick then told Miller about her dissatisfaction with her marriage. Later Officer Knick, who was on duty at the time, came to his home and was angry to find Miller there. Officer Knick left for about an hour, saying that he would allow his wife and Miller to finish their conversation. Miller was still there when Officer Knick returned. Officer Knick asked Miller to leave, and Miller complied. The Knicks then engaged in a heated argument. At some point, Knick pulled his service revolver from his holster. According to Officer Knick, his wife then grabbed the weapon, causing it to fire one round into her left temple. A jury, sitting in the Circuit Court of Rockbridge County, convicted Knick of second degree murder based on a finding that Officer Knick killed his wife with malice. Jerry Knick is now serving a ten-year term of imprisonment for the murder of his wife.
 
 
 4
 On September 23, 1991, the Administrator of Lisa Knick's estate filed a suit against the City of Lexington and Chief of Police Beard alleging that under 42 U.S.C. Sec. 1983 they were legally liable for Lisa Knick's death. The district court determined that Officer Knick was not acting under color of state law when he shot and killed his wife. Because action under color of state law is a necessary finding for the imposition of liability under Sec. 1983, and finding no material facts in dispute, the district court granted Appellees' summary judgment motion.
 
 II
 
 5
 To state a claim under Sec. 1983, the appellant must allege the violation of a constitutionally protected right or other right secured by federal law and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Applied to this case, if Knick's murder of his wife was not an action taken "under color of state law," there can be no Sec. 1983 liability. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). The question is whether Officer Knick acted "in his official capacity or while exercising his responsibilities pursuant to state law." West v. Atkins, 487 U.S. at 49-50.
 
 
 6
 We have no difficulty concluding that Officer Knick's murder of his wife was in no way connected to his duties or responsibilities as a policeman. The only fact distinguishing this murder from other fatal domestic disputes is that Jerry Knick was a policeman. But the Supreme Court has made clear that acts of police officers in the ambit of their personal pursuits are plainly excluded from the term "color of law." Screws v. United States, 325 U.S. 91, 111 (1945).
 
 
 7
 Although Officer Knick was on duty at the time these unfortunate events occurred, he was not acting within the scope of his official duties when he stopped by his house or when he shot his wife.
 
 
 8
 Citing Gibson v. Chicago, 910 F.2d 1510 (7th Cir. 1990), Appellant contends that the City remains subject toSec. 1983 liability even absent a finding that Knick acted under color of state law when he shot his wife. Appellant maintains that either the City's failure to adequately train Officer Knick, or its decision to retain Officer Knick on the police force in the face of alleged evidence that he was emotionally unstable, provides a sufficient basis for imposing Sec. 1983 liability. But even if we agreed with Appellant's reading of Gibson, there is simply no evidence that any act or omission on the part of the City of Lexington or Chief Beard was the proximate cause of Lisa Knick's death. Further, Gibson does not stand for the proposition that Sec. 1983 liability may be imposed absent a finding Officer Knick acted under color of state law. See Gibson, 910 F.2d at 1514 ("Action under color of state law is a jurisdictional prerequisite to aSec. 1983 claim.").
 
 
 9
 As Judge Jackson Kiser stated: "This was a garden variety domestic dispute which had a tragic ending-the fact that Knick was a police officer was incidental and had nothing to do with state authority." (J.A. at 769). We agree, and affirm the district court's disposition of the Sec. 1983 claim.*
 
 AFFIRMED
 
 
 *
 Because the Sec. 1983 claim provided the basis for federal jurisdiction in this action, the district court was correct to dismiss without prejudice Appellant's state law claims